# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3649 | **DATE** | 10/5/2011 |
| **CASE TITLE** | Stelmokas vs. Madson | | |

**DOCKET ENTRY TEXT**

The bankruptcy court's award of attorney's fees is affirmed.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

# STATEMENT

　　　This is an appeal from an order of the bankruptcy court awarding $3,000 in attorney's fees to the debtor in an adversary proceeding in that court. *See Stelmokas v. Madson*, Case No. 09 A 1134. The amended adversary complaint alleged that in 2008, appellant refinanced a loan to Vilma Madson and Vytautas Kodzius. Madson and Kodzius failed to repay the loan, and eventually filed separate Chapter 7 bankruptcy cases. Appellant filed adversary complaints in both bankruptcy cases, in which he sought a determination that Kodzius and Madson's debt to him was not dischargeable in bankruptcy.

　　　Both of appellant's adversary cases were set for trial in the bankruptcy court on February 3, 2011, before Judge Pamela Hollis. After hearing testimony in *Kodzius*, the bankruptcy court entered judgment in favor of the debtor in that case. Appellant then voluntarily dismissed his adversary complaint in *Madson*. Madson and Kodzius, through the same attorney, filed motions in both cases for an award of attorney's fees pursuant to 11 U.S.C. § 523(d). On April 21, 2011, the bankruptcy court granted the motions in both cases, and in otherwise identical orders directed appellant to pay $3,000 in attorney's fees in the *Madson* case, and $5,000 in attorney's fees in the *Kodzius* case.

　　　Appellant filed appeals in both cases. The appeal of the order awarding attorney's fees in *Madson* was assigned to my docket, and the appeal of the judgment and attorney's fees award in *Kodzius* was assigned to Judge Amy St. Eve. *See Stelmokas v. Kodzius*, Case No. 11 C 3600.

　　　On September 9, 2011, Judge St. Eve affirmed the bankruptcy court's rulings in *Kodzius*, including the attorney's fees award. *See Stelmokas v. Kodzius*, No. 11 C 3600, 2011 WL 4047304, at *1, 3-4 (N.D. Ill. Sept. 9, 2011). Judge St. Eve concluded that appellant had inadequately developed his argument on appeal relating to the attorney's fees issue, and accordingly waived it. *Id*. at *3. Judge St. Eve also concluded that even if appellant had not waived the argument, she would find that the bankruptcy court did not abuse its

| STATEMENT |
|---|

discretion in awarding fees. *Id*. at *4. Judge St. Eve entered judgment in *Kodzius* on September 9, 2011. Appellant appealed Judge St. Eve's ruling, and that appeal remains pending.

This Court concludes that collateral estoppel precludes appellant from relitigating the issue of the propriety of the attorney's fees award in this case. Collateral estoppel applies when the following conditions are met:
> (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.

*H-D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007). Courts may raise the issue of preclusion *sua sponte*. *See Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996).

The Court finds that all of the conditions for collateral estoppel have been met here. The propriety of the attorney's fees award in this case is identical to the issue previously decided by Judge St. Eve in *Kodzius*. In addition, appellant raised the issue in *Kodzius*, appellee contested it, and Judge St. Eve's ruling on the merits was essential, even though it was made as an alternate and independent ground to her ruling that appellant waived the argument. *See Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1402 (7th Cir. 1987) (applying the general rule that "an alternative ground upon which a decision is based should be regarded as 'necessary' for purposes of determining whether the plaintiff is precluded by the principles of *res judicata* or collateral estoppel from relitigating in a subsequent lawsuit any of those alternative grounds."). Moreover, the judgment in *Kodzius* is final for collateral estoppel purposes, even though an appeal of the judgment in that case is pending. *See Prymer v. Ogden*, 29 F.3d 1208, 1213 n.2 (7th Cir. 1994). Finally, appellant was a party in *Kodzius*. Because collateral estoppel applies, the bankruptcy court's ruling awarding attorney's fees in this case is affirmed.

*[signature: George W. Lindberg]*